*E-Filed 4/6/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CHRISTOPHER P. DUENAS,

        Plaintiff,

  v.

EDMUND G. BROWN, et al.,

        Defendants.

No. C 10-5884 RS

**ORDER GRANTING MOTION FOR LEAVE TO SUPPLEMENT AND AMEND COMPLAINT**

Defendants Towrey, Brown and Harris moved to dismiss plaintiff Duenas' complaint. Brown and Harris filed joint motions and Towrey filed a separate motion. In conjunction with his brief in opposition, Duenas sought leave to supplement and amend his complaint, pursuant to Federal Rule of Civil Procedure 15(a) and (d). The amended complaint includes the same claims for relief as the original complaint, but contains new facts and an additional plaintiff. All defendants opposed Duenas' request to amend and supplement. Along with his reply brief to his motion to amend and supplement, Duenas attached a second, proposed Amended Complaint.

As Rule 15(a)(2) instructs, "[t]he court should freely give leave when justice so requires." Absent any apparent or declared reason—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the "leave sought

No. C 10-5884 RS
ORDER

should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15 thus embraces the principle that "the purpose of pleading is to facilitate a proper decision on the merits." *Id.* at 181-82 (*quoting Conley v. Gibson*, 355 U.S. 41, 48 (1957)). In short, the policy permitting amendment is to be applied with "extreme liberality." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted).

In their opposition briefs to Duenas' request to amend, defendants separately argued amendment would be futile in light of Duenas' purported failure to resolve issues—standing being the most prominent—highlighted in the two motions to dismiss. In those briefs, both defendant sets also submitted argument as to why even the proposed First Amended Complaint should be dismissed. As of the date of this Order, the defendants have not yet filed an objection to Duenas' proposed Second Amended Complaint ("SAC"). Without opining as to whether or not the SAC (filed April 1, 2011) addresses all of the purported defects identified in defendants' motions, it does contain additional and different material. In the interest of a coherent record, defendants should channel the various arguments advanced in their current motions and opposition briefs into a new motion to dismiss Duenas' SAC (defendants may, of course, again file two motions). In light of the liberal policy regarding amendment, Duenas' request to supplement and amend his complaint shall be granted, and the SAC filed April 1, 2011 is deemed filed. Accordingly, the motions to dismiss are denied, without prejudice to defendants' right to reassert any arguments contained therein to the extent they may be equally applicable to the amended complaint. The hearing on defendants' motions to dismiss and plaintiff's motion to amend and supplement is therefore vacated.

IT IS SO ORDERED.

Dated: 4/6/11

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE